IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| L.E., et al., <br><br> Plaintiffs, <br><br> v. <br><br> CHRIS RAGSDALE, et al., <br><br> Defendants. | CIVIL ACTION FILE <br><br> NO. 1:21-cv-4076-TCB |

**O R D E R**

This case comes before the Court on Plaintiffs' motion [2] for a temporary restraining order and preliminary injunction.

**I.  Background**

On October 1, 2021, Plaintiffs L.E., B.B., A.Z., and C.S. filed their complaint [1] and an accompanying motion [2] for a temporary restraining order and preliminary injunction. The allegations in the complaint, taken as true, are as follows.

Plaintiffs are four students with disabilities who attend Cobb County schools. Their disabilities vary but include acute myeloid leukemia, hypogammaglobulinemia, Duchenne Muscular Dystrophy, bronchiectasis (an airway clearance impairment), chronic severe asthma, and chronic bronchitis and pneumonia. The disabilities make them particularly vulnerable to COVID-19 and put them at an increased risk for severe symptoms or death from an infection.

Defendants are the individual members of the Cobb County School Board, its superintendent, and the Cobb County School District as an entity. In summer 2020, in response to the COVID-19 pandemic, Defendants enacted safety policies and restrictions meant to limit the spread of the virus. These policies—in effect for the 2020–21 school year—included masking requirements, social distancing, frequent cleaning and sanitizing of classrooms, and strict quarantine requirements for close contacts and positive tests.

Plaintiffs' parents made the decision in summer 2021 to send their children back to school for the 2021–22 school year. They were given the option of virtual or in-person learning and—based on assurances from

Defendants that CDC guidelines would be followed and restrictions would remain in place—elected to send their children to in-person schooling.

In June 2021, Defendants ended most COVID restrictions for the upcoming school year. Their new policies included optional masking, no COVID vaccination requirements for students or staff, a three-day isolation—without a testing requirement—following an exposure, and social distancing "when appropriate and feasible."

Because of the changes to Defendants' COVID policies, Plaintiffs' parents have removed them from in-person schooling. They aver that the lack of safety measures in place makes the risk of infection significantly higher for the already vulnerable Plaintiffs. They allege that the removal from in-person schooling has had a negative effect on them socially, physically, and emotionally. They further allege that unless and until the school board reimplements safety measures, they will be unable to attend school and will continue to suffer irreparable harm.

Plaintiffs filed this lawsuit on October 1, 2021. They assert claims under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act, averring that Defendants have unfairly discriminated against them in the administration of public services because of their disabilities and that Defendants' policies and practices have the effect of denying Plaintiffs the benefits of a public education.

With their complaint, Plaintiffs filed a motion for temporary restraining order and preliminary injunction. The Court subsequently ordered expedited briefing, and on October 15 the Court held a hearing on this matter.

## II.  Legal Standard

A district court may grant a preliminary injunction or TRO only if the movant shows (1) a substantial likelihood that it will ultimately prevail on the merits of the underlying case; (2) that the movant will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that if issued, the injunction would not be adverse to the public interest.

*Osmose, Inc. v. Viance, LLC*, 612 F.3d 1298, 1307 (11th Cir. 2010); *see also Morgan Stanley DW, Inc. v. Frisby*, 163 F. Supp. 2d 1371, 1374 (N.D. Ga. 2001) (noting that the same legal standard governs motions for preliminary injunction and motions for TRO).

Preliminary injunctions and TROs are considered "drastic remedies," and the burden is on the moving party to satisfy the burden of persuasion as to all four elements. *Davidoff & CIE, S.A. v. PLD Int'l Corp.*, 263 F.3d 1297, 1300 (11th Cir. 2001).

**III. Discussion**

The likelihood of success on the merits is generally considered the most important of the four factors. *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986). If Plaintiffs cannot satisfy their burden with respect to this factor, the Court need not consider the other three. *GeorgiaCarry.Org, Inc. v. U.S. Army Corps of Eng'rs*, 788 F.3d 1318, 1329 (11th Cir. 2015).

ADA and Section 504 claims are governed by the same legal standards. *J.S., III by and through J.S. Jr. v. Houston Cnty. Bd. of Educ.*, 877 F.3d 979, 985 (11th Cir. 2017). Both require Plaintiffs to

show that (1) they are qualified individuals with a disability; (2) who have been excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or otherwise discriminated against by such entity; and (3) the exclusion, denial of benefits, or discrimination was by reason of such disability. *Am. Ass'n of People with Disabilities v. Harris*, 647 F.3d 1093, 1101 (11th Cir. 2011) (citing *Bircoll v. Miami-Dade Cnty.*, 480 F.3d 1072, 1083 (11th Cir. 2007)).

Plaintiffs are indisputably "qualified individuals with a disability." All have physical or mental impairments that substantially limit one or more major life activities, and each student is eligible and entitled to receive a free, public education from the school district. Defendants do not contest that Plaintiffs are qualified individuals with a disability.

"There are two distinct categories of disability discrimination claims under the ADA: (1) failure to accommodate and (2) disparate treatment." *EEOC v. Eckerd Corp.*, No. 1:10-cv-2816-JEC, 2012 WL

2726766, at *4 (N.D. Ga. July 9, 2012). Plaintiffs fail to meet their burden of substantial likelihood of success under either theory.

### A.     Disparate Treatment

Disparate treatment involves discriminatory intent and occurs when a disabled person is singled out for disadvantage because of his disability. *Wilf v. Bd. of Regents of the Univ. Sys. of Ga.*, No. 1:09-cv-01877-RLV-GGB, 2012 WL 12888680, at *17 (N.D. Ga. Oct. 15, 2012). Plaintiffs allege three ways in which Defendants discriminated against them under the disparate treatment theory.

First, Plaintiffs aver that Defendants "exclude Plaintiffs from participation in and deny them the benefits of the District's education in-person." [2-1] at 14. Second, they contend that Defendants discriminate against them by "failing to educate them in the most integrated environment appropriate to their needs" and segregate them based on their disabilities. *Id*. at 19. Finally, Plaintiffs allege that Defendants administer policies that have the effect of subjecting Plaintiffs to discrimination.

7

Defendants respond that Plaintiffs cannot show disparate treatment because the COVID policies apply equally to all students, regardless of whether they have disabilities. Defendants assert that "[l]ike their non-disabled peers, Plaintiffs have the option of attending class in person or virtually." [43] at 20. Additionally, they argue, the segregation argument fails because 84% of the district's virtual students are non-disabled.

The ADA and Section 504 "seek[] to assure evenhanded treatment" for disabled individuals, not "guarantee [them] equal results." *Alexander v. Choate*, 469 U.S. 287, 288 (1985). "As its name suggests, a disparate treatment claim requires a plaintiff to show that he has actually been treated differently than similarly situated non-handicapped people." *Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1216 (11th Cir. 2008).

Plaintiffs here simply have not made the requisite showing. Defendants' COVID policies apply to all students, regardless of ability. Additionally, Plaintiffs—like all students in Cobb County—were given the option to attend virtual school in lieu of in-person classes. Plaintiffs

attempt to allege disparate treatment by a facially neutral policy that applies to disabled and non-disabled students alike, and their argument falls well short of the high bar required for injunctive relief.

### B.     Failure to Accommodate

Plaintiffs contend that by failing to reasonably modify their COVID policies, Defendants have failed to accommodate Plaintiffs in violation of the ADA and Section 504. They assert that a mask mandate and other COVID restrictions would be a reasonable accommodation and would provide them meaningful access to in-person schooling.

Defendants respond that Plaintiffs cannot prove a failure to accommodate for three reasons: (1) the current COVID polices reasonably accommodate Plaintiffs' disabilities; (2) their request for a mask mandate is unreasonable; and (3) Plaintiffs have failed to exhaust their administrative remedies under the Individuals with Disabilities Education Act.[1]

---

[1] Because the Court finds the Defendants' first reason persuasive, it need not reach the other two.

"[A]n otherwise qualified handicapped individual must be provided with meaningful access to the benefit that the grantee offers." *Choate*, 469 U.S. at 301. "A reasonable accommodation need not be perfect or the one most strongly preferred by the plaintiff." *Todd v. Carstarphen*, 236 F. Supp. 3d. 1311, 1334 (N.D. Ga. 2017) (citing *Wright v. N.Y. Dep't Corr.*, 831 F.3d 64, 72 (2d Cir. 2016)).

Plaintiffs' failure to accommodate claim falls short because Defendants have reasonably accommodated the students' disabilities and the existing accommodations adequately provide Plaintiffs with meaningful access to education. Defendants' current accommodations, in addition to the—albeit reduced—COVID restrictions currently in place, include a robust virtual learning program that ameliorates Plaintiffs' concerns with in-person schooling. The program features synchronous learning opportunities, highly qualified and specially trained teachers, and is currently used by "almost 2000" students in Cobb County. [43] at 23. Additionally, Defendants attest that Plaintiffs are performing reasonably well in their virtual schooling, meeting grade level standards, and earning high marks.

While Plaintiffs may prefer a mask mandate and other stricter policies, Defendants are not required to provide Plaintiffs with their preferred accommodation. So long as Plaintiffs are offered meaningful access to education—and the Court finds that they have been—Defendants have adequately accommodated Plaintiffs and their disabilities and thus, Plaintiffs cannot show a substantial likelihood of success on the merits.[2]

## IV. Conclusion

Because Plaintiffs cannot show a substantial likelihood of success of their disability discrimination claim, the Court need not consider the alleged irreparable injury from which they suffer.[3] Nor need it balance the equities or consider the public's interest.

---

[2] Defendants also contend that Plaintiffs' claims fail because their requested relief—namely a mask mandate—is unreasonable. A plaintiff has the burden of proving that a requested accommodation is reasonable. *Shannon v. Postmaster Gen. of the U.S. Postal Serv.*, 335 F. App'x 21, 25 (11th Cir. 2009). That said, a plaintiff must also show that a defendant's current accommodations are not reasonable or adequate. *See, e.g.*, *Duvall v. City of Kitsap*, 260 F.3d 1124, 1137 (9th Cir. 2001). Because the Court finds that Defendants' current accommodations are reasonable and adequate, it need not wade into the discussion surrounding the efficacy and appropriateness of mask mandates in schools.

[3] That said, Plaintiffs have been provided extensive virtual school offerings and hospital/homebound schooling as needed. Considering the lack of evidence that Plaintiffs' grades or school performances have in any way suffered as a result of

Plaintiffs essentially ask this Court to second-guess Defendants' operational decision making and wrest from Defendants' control the authority to decide how to best protect students' health. The Court finds that Defendants have made an informed choice that is neither arbitrary nor unreasonable, and declines Plaintiffs' invitation to usurp this function of the executive branch.

For the foregoing reasons, Plaintiffs' motion [2] for a temporary restraining order and preliminary injunction is denied.

IT IS SO ORDERED this 15th day of October, 2021.

_____
Timothy C. Batten, Sr.
Chief United States District Judge

---

Defendants' loosened COVID policies, the Court expresses doubt that Plaintiffs have sufficiently alleged an irreparable injury.