# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF GEORGIA
**2211 UNITED STATES COURTHOUSE**
**75 TED TURNER DRIVE, SW**
**ATLANTA, GEORGIA 30303-3361**

KEVIN P. WEIMER
**DISTRICT COURT EXECUTIVE**
 AND **CLERK OF COURT**

DOCKETING SECTION
**404-215-1655**

November 10, 2021

Clerk's Office
U.S. Court of Appeals
Eleventh Circuit
56 Forsyth Street, NW
Atlanta, Georgia     30303

> **U.S.D.C. No.: 1:21-cv-4076-TCB**
> **U.S.C.A. No.: 00-00000-00**
> **In re:          L.E. et al v. Ragsdale et al**

Enclosed are documents regarding an appeal in this matter.   Please acknowledge receipt on the enclosed copy of this letter.

| | |
|---|---|
| **X** | **Certified copies of the Notice of Appeal, Clerk's Judgment, Order and Docket Sheet appealed enclosed.** |
| \_\_\_\_\_ | This is not the first notice of appeal. Other notices were filed on: . |
| \_\_\_\_\_ | There is no transcript. |
| **X** | **The court reporter is Lori Burgess.** |
| \_\_\_\_\_ | There is sealed material as described below: . |
| \_\_\_\_\_ | Other: . |
| **X** | **Fees paid electronically on 11/10/21. (Receipt# AGANDC-11388421)** |
| \_\_\_\_\_ | Appellant has been   leave to proceed *in forma pauperis*. |
| \_\_\_\_\_ | This is a bankruptcy appeal.   The Bankruptcy Judge is . |
| \_\_\_\_\_ | The Magistrate Judge is . |
| **X** | **The District Judge is Timothy C. Batten, Sr.** |
| \_\_\_\_\_ | This is a **DEATH PENALTY** appeal. |

Sincerely,

Kevin P. Weimer
District Court Executive
and Clerk of Court

By:  P. McClam
Deputy Clerk

Enclosures

# U.S. District Court
# Northern District of Georgia (Atlanta)
# CIVIL DOCKET FOR CASE #: <u>1:21−cv−04076−TCB</u>

L.E. et al v. Ragsdale et al
Assigned to: Judge Timothy C. Batten, Sr.
Cause: 42:12101 et seq. Americans with Disabilities Act of 1990

Date Filed: 10/01/2021
Jury Demand: Plaintiff
Nature of Suit: 446 Civil Rights:
Americans with Disabilities − Other
Jurisdiction: Federal Question

**<u>Plaintiff</u>**

**L.E.**
*by and through their parent and next friend, Sara Cavorley*

represented by **Allison Beth Vrolijk**
Law Office of Allison B. Vrolijk
885 Woodstock Road
Suite 430−318
Roswell, GA 30075
770−587−9228
Email: <u>allison@vrolijklaw.com</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brock Boone**
Southern Poverty Law Center
PO Box 6179
Montgomery, AL 36106
334−420−1747
Email: <u>brock.boone@splcenter.org</u>
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Claire Sherburne**
Southern Poverty Law Center
PO Box 1287
Decatur, GA 30031−1287
404−864−7707
Email: <u>csherburne@glsp.org</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Craig Lewis Goodmark**
Goodmark Law Firm
1425A Dutch Valley Place
Atlanta, GA 30324
404−719−4848
Email: <u>cgoodmark@gmail.com</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Eugene Choi
Southern Poverty Law Center
PO Box 1287
Decatur, GA 30031–1287
470–895–9179
Email: eugene.choi@splcenter.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Joseph Tafelski**
Southern Poverty Law Center
PO Box 1287
Decatur, GA 30031–1287
334–315–0179
Email: michael.tafelski@splcenter.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**B.B.**
*a minor, by and through their parent and next friend, Elizabeth Baird*

represented by **Allison Beth Vrolijk**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brock Boone**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Claire Sherburne**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Craig Lewis Goodmark**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eugene Choi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Joseph Tafelski**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**A.Z.**
*a minor, by and through thier parent and*
*next friend, Jessica Zeigler*

represented by **Allison Beth Vrolijk**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brock Boone**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Claire Sherburne**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Craig Lewis Goodmark**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eugene Choi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Joseph Tafelski**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**C.S.**
*a minor, by and through their parent and*
*next friend, Tarasha Shirley*

represented by **Allison Beth Vrolijk**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brock Boone**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Claire Sherburne**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Craig Lewis Goodmark**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Eugene Choi
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Michael Joseph Tafelski
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Chris Ragsdale**
*in his official capacity as Superintendent*
*of Cobb County School District*

represented by **Jeffrey Robert Daniel**
Nelson Mullins Riley & Scarborough LLP
201 17th Street
Suite 1700
Atlanta, GA 30363
404–322–6529
Fax: 404–322–6050
Email: jeff.daniel@nelsonmullins.com
*ATTORNEY TO BE NOTICED*

**Ralph Culpepper , III**
Nelson Mullins Riley & Scarborough, LLP
201 17th Street, NW
Suite 1700
Atlanta, GA 30309–3450
404–322–6000
Email: ralph.culpepper@nelsonmullins.com
*ATTORNEY TO BE NOTICED*

**Sherry Hall Culves**
Nelson Mullins Riley & Scarborough,
LLP–ATL
Suite 1700
201 17th Street, N.W.
Atlanta, GA 30363
404–322–6364
Fax: 404–322–6050
Email: sherry.culves@nelsonmullins.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Randy Scamihorn**
*in his official capacity as a member of*
*the Cobb County Board of Education*

represented by **Jeffrey Robert Daniel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ralph Culpepper , III**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Sherry Hall Culves**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**David Banks**                                      represented by   **Jeffrey Robert Daniel**
*in his official capacity as member of the*                          (See above for address)
*Cobb County School Board*                                           *ATTORNEY TO BE NOTICED*

                                                                     **Ralph Culpepper , III**
                                                                     (See above for address)
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **Sherry Hall Culves**
                                                                     (See above for address)
                                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**David Chastain**                                   represented by   **Jeffrey Robert Daniel**
*in his official capacity as member of the*                          (See above for address)
*Cobb County School Board*                                           *ATTORNEY TO BE NOTICED*

                                                                     **Ralph Culpepper , III**
                                                                     (See above for address)
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **Sherry Hall Culves**
                                                                     (See above for address)
                                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**Brad Wheeler**                                     represented by   **Jeffrey Robert Daniel**
*in his official capacity as member of the*                          (See above for address)
*Cobb County School Board*                                           *ATTORNEY TO BE NOTICED*

                                                                     **Ralph Culpepper , III**
                                                                     (See above for address)
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **Sherry Hall Culves**
                                                                     (See above for address)
                                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**Jaha Howard**                                      represented by   **Jeffrey Robert Daniel**
*in his official capacity as member of the*                          (See above for address)
*Cobb County School Board*                                           *ATTORNEY TO BE NOTICED*

**Ralph Culpepper , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sherry Hall Culves**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Charisse Davis**<br>*in her official capacity as member of the*<br>*Cobb County School Board* | represented by | **Jeffrey Robert Daniel**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Ralph Culpepper , III**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Sherry Hall Culves**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Leroy Tre' Hutchins**<br>*in his official capacity as member of the*<br>*Cobb County School Board* | represented by | **Jeffrey Robert Daniel**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Ralph Culpepper , III**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Sherry Hall Culves**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Cobb County School District** | represented by | **Jeffrey Robert Daniel**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Ralph Culpepper , III**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Sherry Hall Culves**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 10/01/2021 | 1 | | |

| | | |
|---|---|---|
| | | COMPLAINT with Jury Demand (Filing fee $402, receipt number AGANDC−11299307) filed by B.B., L.E., A.Z., C.S.. (Attachments: # 1 Civil Cover Sheet)(dmb) Please visit our website at http://www.gand.uscourts.gov/commonly−used−forms to obtain Pretrial Instructions and Pretrial Associated Forms which includes the Consent To Proceed Before U.S. Magistrate form. (Entered: 10/01/2021) |
| 10/01/2021 | 2 | MOTION for Temporary Restraining Order IMMEDIATE HEARING REQUESTED with Brief In Support by A.Z., B.B., C.S., L.E.. (Attachments: # 1 Brief, # 2 Exhibit Baird Declaration, # 3 Exhibit Cavorley Declaration, # 4 Exhibit Shirley Declaration, # 5 Exhibit Zeigler Declaration, # 6 Exhibit Crater Declaration, # 7 Exhibit Herndon Declaration, # 8 Exhibit Huffman Declaration, # 9 Exhibit McLaughlin Declaration, # 10 Exhibit Schmidtke Declaration, # 11 Exhibit Exhibit McGinnis Verigan)(dmb) (Entered: 10/01/2021) |
| 10/01/2021 | 3 | Certificate of Interested Persons by A.Z., B.B., C.S., L.E.. (dmb) (Entered: 10/01/2021) |
| 10/01/2021 | | Submission of 2 MOTION for Temporary Restraining Order IMMEDIATE HEARING REQUESTED to District Judge Timothy C. Batten Sr. (dmb) (Entered: 10/01/2021) |
| 10/04/2021 | 4 | ORDER Setting Hearing on Motion 2 MOTION for Temporary Restraining Order IMMEDIATE HEARING REQUESTED : Motion Hearing set for 10/15/2021 at 10:00 AM in ATLA Courtroom 2106 before Judge Timothy C. Batten Sr. The Court sets the following briefing schedule: the Defendants' response will be due 10/11/2021 at noon, and the Plaintiffs' reply brief will be due on 10/13/2021 at 5:00pm. Signed by Judge Timothy C. Batten, Sr. on 10/4/2021. (dmb) (Entered: 10/04/2021) |
| 10/04/2021 | 5 | Application for Refund of Fees paid online through Pay.gov for receipt number AGANDC−11299276. (Tafelski, Michael) (Entered: 10/04/2021) |
| 10/05/2021 | 6 | PROPOSED SUMMONS filed by A.Z., B.B., C.S., L.E. *as to Defendant David Banks* (Tafelski, Michael) (Entered: 10/05/2021) |
| 10/05/2021 | 7 | PROPOSED SUMMONS filed by A.Z., B.B., C.S., L.E. *as to Defendant Cobb County School District* (Tafelski, Michael) (Entered: 10/05/2021) |
| 10/05/2021 | 8 | PROPOSED SUMMONS filed by A.Z., B.B., C.S., L.E. *as to Defendant David Chastain* (Tafelski, Michael) (Entered: 10/05/2021) |
| 10/05/2021 | 9 | PROPOSED SUMMONS filed by A.Z., B.B., C.S., L.E. *as to Defendant Charisse Davis* (Tafelski, Michael) (Entered: 10/05/2021) |
| 10/05/2021 | 10 | PROPOSED SUMMONS filed by A.Z., B.B., C.S., L.E. *as to Defendant Jaha Howard* (Tafelski, Michael) (Entered: 10/05/2021) |
| 10/05/2021 | 11 | PROPOSED SUMMONS filed by A.Z., B.B., C.S., L.E. *as to Defendant Leroy Tre' Hutchins* (Tafelski, Michael) (Entered: 10/05/2021) |
| 10/05/2021 | 12 | PROPOSED SUMMONS filed by A.Z., B.B., C.S., L.E. *as to Defendant Chris Ragsdale* (Tafelski, Michael) (Entered: 10/05/2021) |
| 10/05/2021 | 13 | PROPOSED SUMMONS filed by A.Z., B.B., C.S., L.E. *as to Defendant Randy Scamihorn* (Tafelski, Michael) (Entered: 10/05/2021) |

| | | | |
|---|---|---|---|
| 10/05/2021 | 14 | | PROPOSED SUMMONS filed by A.Z., B.B., C.S., L.E. *as to Defendant Brad Wheeler* (Tafelski, Michael) (Entered: 10/05/2021) |
| 10/05/2021 | 15 | | REQUEST FOR WAIVER of Service mailed to Sherry Culves, Counsel for David Banks on 10/5/2021. (Tafelski, Michael) (Entered: 10/05/2021) |
| 10/05/2021 | 16 | | REQUEST FOR WAIVER of Service mailed to Sherry Culves, Counsel for Cobb County School District on 10/5/2021. (Tafelski, Michael) (Entered: 10/05/2021) |
| 10/05/2021 | 17 | | REQUEST FOR WAIVER of Service mailed to Sherry Culves, Counsel for David Chastain on 10/5/2021. (Tafelski, Michael) (Entered: 10/05/2021) |
| 10/05/2021 | 18 | | REQUEST FOR WAIVER of Service mailed to Sherry Culves, Counsel for Charisse Davis on 10/5/2021. (Tafelski, Michael) (Entered: 10/05/2021) |
| 10/05/2021 | 19 | | REQUEST FOR WAIVER of Service mailed to Sherry Culves, Counsel fro Jaha Howard on 10/5/2021. (Tafelski, Michael) (Entered: 10/05/2021) |
| 10/05/2021 | 20 | | REQUEST FOR WAIVER of Service mailed to Sherry Culves, Counsel for Leroy Tre' Hutchins on 10/5/2021. (Tafelski, Michael) (Entered: 10/05/2021) |
| 10/05/2021 | 21 | | REQUEST FOR WAIVER of Service mailed to Sherry Culves, Counsel for Chris Ragsdale on 10/5/2021. (Tafelski, Michael) (Entered: 10/05/2021) |
| 10/05/2021 | 22 | | REQUEST FOR WAIVER of Service mailed to Sherry Culves, Counsel for Randy Scamihorn on 10/5/2021. (Tafelski, Michael) (Entered: 10/05/2021) |
| 10/05/2021 | 23 | | REQUEST FOR WAIVER of Service mailed to Sherry Culves, Counsel for Brad Wheeler on 10/5/2021. (Tafelski, Michael) (Entered: 10/05/2021) |
| 10/06/2021 | | | Clerks Approval re 5 Application for Refund of Fees paid online. (mec) (Entered: 10/06/2021) |
| 10/07/2021 | 24 | | Electronic Summons Issued as to David Banks. (dmb) (Entered: 10/07/2021) |
| 10/07/2021 | 25 | | Electronic Summons Issued as to Cobb County School District. (dmb) (Entered: 10/07/2021) |
| 10/07/2021 | 26 | | Electronic Summons Issued as to David Chastain. (dmb) (Entered: 10/07/2021) |
| 10/07/2021 | 27 | | Electronic Summons Issued as to Charisse Davis. (dmb) (Entered: 10/07/2021) |
| 10/07/2021 | 28 | | Electronic Summons Issued as to Jaha Howard. (dmb) (Entered: 10/07/2021) |
| 10/07/2021 | 29 | | Electronic Summons Issued as to Leroy Tre' Hutchins. (dmb) (Entered: 10/07/2021) |
| 10/07/2021 | 30 | | Electronic Summons Issued as to Chris Ragsdale. (dmb) (Entered: 10/07/2021) |
| 10/07/2021 | 31 | | Electronic Summons Issued as to Randy Scamihorn. (dmb) (Entered: 10/07/2021) |
| 10/07/2021 | 32 | | Electronic Summons Issued as to Brad Wheeler. (dmb) (Entered: 10/07/2021) |
| 10/07/2021 | 33 | | WAIVER OF SERVICE Returned Executed by B.B., L.E., A.Z., C.S.. Brad Wheeler waiver mailed on 10/5/2021, answer due 12/6/2021. (Tafelski, Michael) (Entered: 10/07/2021) |

| 10/07/2021 | 34 | | WAIVER OF SERVICE Returned Executed by B.B., L.E., A.Z., C.S.. Charisse Davis waiver mailed on 10/5/2021, answer due 12/6/2021. (Tafelski, Michael) (Entered: 10/07/2021) |
|---|---|---|---|
| 10/07/2021 | 35 | | WAIVER OF SERVICE Returned Executed by B.B., L.E., A.Z., C.S.. Chris Ragsdale waiver mailed on 10/5/2021, answer due 12/6/2021. (Tafelski, Michael) (Entered: 10/07/2021) |
| 10/07/2021 | 36 | | WAIVER OF SERVICE Returned Executed by B.B., L.E., A.Z., C.S.. Cobb County School District waiver mailed on 10/5/2021, answer due 12/6/2021. (Tafelski, Michael) (Entered: 10/07/2021) |
| 10/07/2021 | 37 | | WAIVER OF SERVICE Returned Executed by B.B., L.E., A.Z., C.S.. David Banks waiver mailed on 10/5/2021, answer due 12/6/2021. (Tafelski, Michael) (Entered: 10/07/2021) |
| 10/07/2021 | 38 | | WAIVER OF SERVICE Returned Executed by B.B., L.E., A.Z., C.S.. David Chastain waiver mailed on 10/5/2021, answer due 12/6/2021. (Tafelski, Michael) (Entered: 10/07/2021) |
| 10/07/2021 | 39 | | WAIVER OF SERVICE Returned Executed by B.B., L.E., A.Z., C.S.. Jaha Howard waiver mailed on 10/5/2021, answer due 12/6/2021. (Tafelski, Michael) (Entered: 10/07/2021) |
| 10/07/2021 | 40 | | WAIVER OF SERVICE Returned Executed by B.B., L.E., A.Z., C.S.. Leroy Tre' Hutchins waiver mailed on 10/5/2021, answer due 12/6/2021. (Tafelski, Michael) (Entered: 10/07/2021) |
| 10/07/2021 | 41 | | WAIVER OF SERVICE Returned Executed by B.B., L.E., A.Z., C.S.. Randy Scamihorn waiver mailed on 10/5/2021, answer due 12/6/2021. (Tafelski, Michael) (Entered: 10/07/2021) |
| 10/11/2021 | 42 | | MOTION for Leave to File Excess Pages by David Banks, David Chastain, Cobb County School District, Charisse Davis, Jaha Howard, Leroy Tre' Hutchins, Chris Ragsdale, Randy Scamihorn, Brad Wheeler. (Attachments: # 1 Text of Proposed Order)(Culves, Sherry) (Entered: 10/11/2021) |
| 10/11/2021 | 43 | | RESPONSE re 2 MOTION for Temporary Restraining Order IMMEDIATE HEARING REQUESTED filed by David Banks, David Chastain, Cobb County School District, Charisse Davis, Jaha Howard, Leroy Tre' Hutchins, Chris Ragsdale, Randy Scamihorn, Brad Wheeler. (Attachments: # 1 Exhibit 1 – Declaration of John Floresta, # 2 Exhibit 2 – Declaration of Jessica Coleman – redacted, # 3 Exhibit 3 – Declaration of Ryan Fuller, # 4 Exhibit 4 – Declaration of Jayanta Bhattacharya, MD, PhD)(Culves, Sherry) (Entered: 10/11/2021) |
| 10/11/2021 | 44 | | SEALED NOTICE Of Filing Declaration of Jessica Coleman by David Banks, David Chastain, Cobb County School District, Charisse Davis, Jaha Howard, Leroy Tre' Hutchins, Chris Ragsdale, Randy Scamihorn, Brad Wheeler re 43 Response to Motion,, (Attachments: # 1 Affidavit Declaration of Jessica Coleman)(Culves, Sherry) Modified on 10/12/2021 (dmb). (Entered: 10/11/2021) |
| 10/11/2021 | 45 | | MOTION for Leave to File Matters Under Seal re: 44 Notice of Filing, by David Banks, David Chastain, Cobb County School District, Charisse Davis, Jaha Howard, Leroy Tre' Hutchins, Chris Ragsdale, Randy Scamihorn, Brad Wheeler. (Attachments: # 1 Text of Proposed Order)(Culves, Sherry) (Entered: |

| | | | |
|---|---|---|---|
| | | | 10/11/2021) |
| 10/12/2021 | 46 | | ORDER granting 42 Motion for Leave to File Excess Pages; granting 45 Motion for Leave to File Matters Under Seal. Signed by Judge Timothy C. Batten, Sr. on 10/12/2021. (dmb) (Entered: 10/12/2021) |
| 10/12/2021 | 47 | | NOTICE of Appearance by Ralph Culpepper, III on behalf of David Banks, David Chastain, Cobb County School District, Charisse Davis, Jaha Howard, Leroy Tre' Hutchins, Chris Ragsdale, Randy Scamihorn, Brad Wheeler (Culpepper, Ralph) (Entered: 10/12/2021) |
| 10/12/2021 | 48 | | NOTICE of Appearance by Jeffrey Robert Daniel on behalf of David Banks, David Chastain, Cobb County School District, Charisse Davis, Jaha Howard, Leroy Tre' Hutchins, Chris Ragsdale, Randy Scamihorn, Brad Wheeler (Daniel, Jeffrey) (Entered: 10/12/2021) |
| 10/12/2021 | 49 | | APPLICATION for Admission of Brock Boone Pro Hac Vice (Application fee $ 150, receipt number AGANDC−11319378).by A.Z., B.B., C.S., L.E.. (Attachments: # 1 Exhibit Certificate of Good Standing)(Tafelski, Michael) <span style="color:red">Documents for this entry are not available for viewing outside the courthouse.</span> (Entered: 10/12/2021) |
| 10/13/2021 | 50 | | REPLY BRIEF re 2 MOTION for Temporary Restraining Order <span style="color:red">IMMEDIATE HEARING REQUESTED</span> filed by A.Z., B.B., C.S., L.E.. (Attachments: # 1 Declaration of Tonya Grimmke, # 2 Second Declaration of Amber Schmidtke, Ph.D, # 3 Supplemental Declaration of Jessica Zeigler, # 4 Declaration of David J. Lewkowicz, Ph.D, # 5 Declaration of Elaissa Hardy, # 6 Attachment 1 to Hardy Declaration, # 7 Attachment 2 to Hardy Declaration, # 8 Declaration of Melanie Bales from 1:21−cv−01560−TWT, # 9 Declaration of Dr. Janet Memark from 1:21−cv−01560−TWT)(Tafelski, Michael) (Entered: 10/13/2021) |
| 10/14/2021 | 51 | | ORDER ALLOWING AUDIO/VISUAL EQUIPMENT IN THE COURTROOM on 10/15/2021. Signed by Judge Timothy C. Batten, Sr. on 10/14/2021. (dmb) (Entered: 10/14/2021) |
| 10/14/2021 | 52 | | Motion to Bring Audio/Visual/Electronic Equipment in the Courtroom by David Banks, David Chastain, Cobb County School District, Charisse Davis, Jaha Howard, Leroy Tre' Hutchins, Chris Ragsdale, Randy Scamihorn, Brad Wheeler. (Attachments: # 1 Text of Proposed Order)(Culves, Sherry) (Entered: 10/14/2021) |
| 10/15/2021 | 53 | | Minute Entry for proceedings held before Judge Timothy C. Batten, Sr.: Motion Hearing held on 10/15/2021 re 2 MOTION for Temporary Restraining Order <span style="color:red">IMMEDIATE HEARING REQUESTED</span> filed by C.S., B.B., A.Z., L.E. The Court will issue a ruling at a later date. Defense Exhibits 1 and 2 admitted. Exhibits retained to be forwarded to the Clerks Office. (Court Reporter Lori Burgess)(dmb) (Entered: 10/15/2021) |
| 10/15/2021 | 54 | | ORDER denying 2 Motion for TRO and preliminary injunction. Signed by Judge Timothy C. Batten, Sr. on 10/15/2021. (dmb) (Entered: 10/15/2021) |
| 10/18/2021 | | | Refund in the amount of $402.00 has been processed, effective 10/18/2021 in response to Clerks Action on Application for Refund of Fees paid online. (kns) (Entered: 10/18/2021) |
| 10/18/2021 | | | |

| | | | |
|---|---|---|---|
| | | | APPROVAL by Clerks Office re: 49 APPLICATION for Admission of Brock Boone Pro Hac Vice (Application fee $ 150, receipt number AGANDC–11319378). Attorney Brock Boone added appearing on behalf of A.Z., B.B., C.S., L.E. (cdg) (Entered: 10/18/2021) |
| 10/19/2021 | | | MINUTE ORDER granting Brock Boone's 49 Application for Admission Pro Hac Vice. Entered by CRD at the direction of Chief Judge Timothy C. Batten, Sr. If the applicant does not have CM/ECF access in the Northern District of Georgia already, they must request access at http://pacer.gov. If they have electronically filed in this district in a previous case, please omit this step.(usw) (Entered: 10/19/2021) |
| 11/10/2021 | 55 | | NOTICE OF APPEAL as to 54 Order on Motion for TRO by A.Z., B.B., C.S., L.E.. Filing fee $ 505, receipt number AGANDC–11388421. Transcript Order Form due on 11/24/2021 (Tafelski, Michael) (Entered: 11/10/2021) |
| 11/10/2021 | 56 | | USCA Appeal Transmission Letter to 11th Circuit re: 55 Notice of Appeal filed by C.S., B.B., A.Z. and L.E. (pjm) (Entered: 11/10/2021) |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

L.E., et al.,

     Plaintiffs,

v.

CHRIS RAGSDALE, et al.,

     Defendants.

CIVIL ACTION FILE

NO. 1:21-cv-4076-TCB

## **O R D E R**

This case comes before the Court on Plaintiffs' motion [2] for a temporary restraining order and preliminary injunction.

## I.   **Background**

On October 1, 2021, Plaintiffs L.E., B.B., A.Z., and C.S. filed their complaint [1] and an accompanying motion [2] for a temporary restraining order and preliminary injunction. The allegations in the complaint, taken as true, are as follows.

Plaintiffs are four students with disabilities who attend Cobb County schools. Their disabilities vary but include acute myeloid leukemia, hypogammaglobulinemia, Duchenne Muscular Dystrophy, bronchiectasis (an airway clearance impairment), chronic severe asthma, and chronic bronchitis and pneumonia. The disabilities make them particularly vulnerable to COVID-19 and put them at an increased risk for severe symptoms or death from an infection.

Defendants are the individual members of the Cobb County School Board, its superintendent, and the Cobb County School District as an entity. In summer 2020, in response to the COVID-19 pandemic, Defendants enacted safety policies and restrictions meant to limit the spread of the virus. These policies—in effect for the 2020–21 school year—included masking requirements, social distancing, frequent cleaning and sanitizing of classrooms, and strict quarantine requirements for close contacts and positive tests.

Plaintiffs' parents made the decision in summer 2021 to send their children back to school for the 2021–22 school year. They were given the option of virtual or in-person learning and—based on assurances from

2

Defendants that CDC guidelines would be followed and restrictions would remain in place—elected to send their children to in-person schooling.

In June 2021, Defendants ended most COVID restrictions for the upcoming school year. Their new policies included optional masking, no COVID vaccination requirements for students or staff, a three-day isolation—without a testing requirement—following an exposure, and social distancing "when appropriate and feasible."

Because of the changes to Defendants' COVID policies, Plaintiffs' parents have removed them from in-person schooling. They aver that the lack of safety measures in place makes the risk of infection significantly higher for the already vulnerable Plaintiffs. They allege that the removal from in-person schooling has had a negative effect on them socially, physically, and emotionally. They further allege that unless and until the school board reimplements safety measures, they will be unable to attend school and will continue to suffer irreparable harm.

Plaintiffs filed this lawsuit on October 1, 2021. They assert claims under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act, averring that Defendants have unfairly discriminated against them in the administration of public services because of their disabilities and that Defendants' policies and practices have the effect of denying Plaintiffs the benefits of a public education.

With their complaint, Plaintiffs filed a motion for temporary restraining order and preliminary injunction. The Court subsequently ordered expedited briefing, and on October 15 the Court held a hearing on this matter.

## II.  Legal Standard

A district court may grant a preliminary injunction or TRO only if the movant shows (1) a substantial likelihood that it will ultimately prevail on the merits of the underlying case; (2) that the movant will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that if issued, the injunction would not be adverse to the public interest.

4

*Osmose, Inc. v. Viance, LLC*, 612 F.3d 1298, 1307 (11th Cir. 2010); *see also Morgan Stanley DW, Inc. v. Frisby*, 163 F. Supp. 2d 1371, 1374 (N.D. Ga. 2001) (noting that the same legal standard governs motions for preliminary injunction and motions for TRO).

Preliminary injunctions and TROs are considered "drastic remedies," and the burden is on the moving party to satisfy the burden of persuasion as to all four elements. *Davidoff & CIE, S.A. v. PLD Int'l Corp.*, 263 F.3d 1297, 1300 (11th Cir. 2001).

## III. Discussion

The likelihood of success on the merits is generally considered the most important of the four factors. *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986). If Plaintiffs cannot satisfy their burden with respect to this factor, the Court need not consider the other three. *GeorgiaCarry.Org, Inc. v. U.S. Army Corps of Eng'rs*, 788 F.3d 1318, 1329 (11th Cir. 2015).

ADA and Section 504 claims are governed by the same legal standards. *J.S., III by and through J.S. Jr. v. Houston Cnty. Bd. of Educ.*, 877 F.3d 979, 985 (11th Cir. 2017). Both require Plaintiffs to

show that (1) they are qualified individuals with a disability; (2) who have been excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or otherwise discriminated against by such entity; and (3) the exclusion, denial of benefits, or discrimination was by reason of such disability. *Am. Ass'n of People with Disabilities v. Harris*, 647 F.3d 1093, 1101 (11th Cir. 2011) (citing *Bircoll v. Miami-Dade Cnty.*, 480 F.3d 1072, 1083 (11th Cir. 2007)).

Plaintiffs are indisputably "qualified individuals with a disability." All have physical or mental impairments that substantially limit one or more major life activities, and each student is eligible and entitled to receive a free, public education from the school district. Defendants do not contest that Plaintiffs are qualified individuals with a disability.

"There are two distinct categories of disability discrimination claims under the ADA: (1) failure to accommodate and (2) disparate treatment." *EEOC v. Eckerd Corp.*, No. 1:10-cv-2816-JEC, 2012 WL

2726766, at *4 (N.D. Ga. July 9, 2012). Plaintiffs fail to meet their burden of substantial likelihood of success under either theory.

## A.   Disparate Treatment

Disparate treatment involves discriminatory intent and occurs when a disabled person is singled out for disadvantage because of his disability. *Wilf v. Bd. of Regents of the Univ. Sys. of Ga.*, No. 1:09-cv-01877-RLV-GGB, 2012 WL 12888680, at *17 (N.D. Ga. Oct. 15, 2012). Plaintiffs allege three ways in which Defendants discriminated against them under the disparate treatment theory.

First, Plaintiffs aver that Defendants "exclude Plaintiffs from participation in and deny them the benefits of the District's education in-person." [2-1] at 14. Second, they contend that Defendants discriminate against them by "failing to educate them in the most integrated environment appropriate to their needs" and segregate them based on their disabilities. *Id*. at 19. Finally, Plaintiffs allege that Defendants administer policies that have the effect of subjecting Plaintiffs to discrimination.

Defendants respond that Plaintiffs cannot show disparate treatment because the COVID policies apply equally to all students, regardless of whether they have disabilities. Defendants assert that "[l]ike their non-disabled peers, Plaintiffs have the option of attending class in person or virtually." [43] at 20. Additionally, they argue, the segregation argument fails because 84% of the district's virtual students are non-disabled.

The ADA and Section 504 "seek[] to assure evenhanded treatment" for disabled individuals, not "guarantee [them] equal results." *Alexander v. Choate*, 469 U.S. 287, 288 (1985). "As its name suggests, a disparate treatment claim requires a plaintiff to show that he has actually been treated differently than similarly situated non-handicapped people." *Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1216 (11th Cir. 2008).

Plaintiffs here simply have not made the requisite showing. Defendants' COVID policies apply to all students, regardless of ability. Additionally, Plaintiffs—like all students in Cobb County—were given the option to attend virtual school in lieu of in-person classes. Plaintiffs

8

attempt to allege disparate treatment by a facially neutral policy that applies to disabled and non-disabled students alike, and their argument falls well short of the high bar required for injunctive relief.

## B.   Failure to Accommodate

Plaintiffs contend that by failing to reasonably modify their COVID policies, Defendants have failed to accommodate Plaintiffs in violation of the ADA and Section 504. They assert that a mask mandate and other COVID restrictions would be a reasonable accommodation and would provide them meaningful access to in-person schooling.

Defendants respond that Plaintiffs cannot prove a failure to accommodate for three reasons: (1) the current COVID polices reasonably accommodate Plaintiffs' disabilities; (2) their request for a mask mandate is unreasonable; and (3) Plaintiffs have failed to exhaust their administrative remedies under the Individuals with Disabilities Education Act.[1]

---

[1] Because the Court finds the Defendants' first reason persuasive, it need not reach the other two.

"[A]n otherwise qualified handicapped individual must be provided with meaningful access to the benefit that the grantee offers." *Choate*, 469 U.S. at 301. "A reasonable accommodation need not be perfect or the one most strongly preferred by the plaintiff." *Todd v. Carstarphen*, 236 F. Supp. 3d. 1311, 1334 (N.D. Ga. 2017) (citing *Wright v. N.Y. Dep't Corr.*, 831 F.3d 64, 72 (2d Cir. 2016)).

Plaintiffs' failure to accommodate claim falls short because Defendants have reasonably accommodated the students' disabilities and the existing accommodations adequately provide Plaintiffs with meaningful access to education. Defendants' current accommodations, in addition to the—albeit reduced—COVID restrictions currently in place, include a robust virtual learning program that ameliorates Plaintiffs' concerns with in-person schooling. The program features synchronous learning opportunities, highly qualified and specially trained teachers, and is currently used by "almost 2000" students in Cobb County. [43] at 23. Additionally, Defendants attest that Plaintiffs are performing reasonably well in their virtual schooling, meeting grade level standards, and earning high marks.

10

While Plaintiffs may prefer a mask mandate and other stricter policies, Defendants are not required to provide Plaintiffs with their preferred accommodation. So long as Plaintiffs are offered meaningful access to education—and the Court finds that they have been—Defendants have adequately accommodated Plaintiffs and their disabilities and thus, Plaintiffs cannot show a substantial likelihood of success on the merits.[2]

## IV.   Conclusion

Because Plaintiffs cannot show a substantial likelihood of success of their disability discrimination claim, the Court need not consider the alleged irreparable injury from which they suffer.[3] Nor need it balance the equities or consider the public's interest.

---

[2] Defendants also contend that Plaintiffs' claims fail because their requested relief—namely a mask mandate—is unreasonable. A plaintiff has the burden of proving that a requested accommodation is reasonable. *Shannon v. Postmaster Gen. of the U.S. Postal Serv.*, 335 F. App'x 21, 25 (11th Cir. 2009). That said, a plaintiff must also show that a defendant's current accommodations are not reasonable or adequate. *See, e.g.*, *Duvall v. City of Kitsap*, 260 F.3d 1124, 1137 (9th Cir. 2001). Because the Court finds that Defendants' current accommodations are reasonable and adequate, it need not wade into the discussion surrounding the efficacy and appropriateness of mask mandates in schools.

[3] That said, Plaintiffs have been provided extensive virtual school offerings and hospital/homebound schooling as needed. Considering the lack of evidence that Plaintiffs' grades or school performances have in any way suffered as a result of

Plaintiffs essentially ask this Court to second-guess Defendants'

operational decision making and wrest from Defendants' control the

authority to decide how to best protect students' health. The Court finds

that Defendants have made an informed choice that is neither arbitrary

nor unreasonable, and declines Plaintiffs' invitation to usurp this

function of the executive branch.

For the foregoing reasons, Plaintiffs' motion [2] for a temporary

restraining order and preliminary injunction is denied.

IT IS SO ORDERED this 15th day of October, 2021.

Timothy C. Batten, Sr.
Chief United States District Judge

_____

Defendants' loosened COVID policies, the Court expresses doubt that Plaintiffs
have sufficiently alleged an irreparable injury.

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| L.E., by and through their parent and next friend, SARA CAVORLEY; B.B., a minor, by and through their parent and next friend, ELIZABETH BAIRD; A.Z., a minor, by and through their parent and next friend, JESSICA ZEIGLER; and C.S., a minor, by and through their parent and next friend, TARASHA SHIRLEY, | |
| Plaintiffs, | CIVIL ACTION FILE: |
| v. | NO. 1:21-cv-4076-TCB |
| CHRIS RAGSDALE, in his official capacity as Superintendent of Cobb County School District; RANDY SCAMIHORN, in his official capacity as a member of the Cobb County Board of Education; DAVID BANKS, in his official capacity as member of the Cobb County School Board; DAVID CHASTAIN, in his official capacity as member of the Cobb County School Board; BRAD WHEELER, in his official capacity as member of the Cobb County School Board; JAHA HOWARD, in his official capacity as member of the Cobb County School Board; CHARISSE DAVIS, in her official capacity as member of the Cobb County School Board; LEROY TRE' HUTCHINS, in his official capacity as member of the Cobb County School Board; and COBB COUNTY SCHOOL DISTRICT, | **PLAINTIFFS' NOTICE OF APPEAL** |
| Defendants. | |

Plaintiffs in the above-styled case, L.E., by and through their parent and next friend, Sara Cavorley, B.B., by and through their parent and next friend Elizabeth Baird, A.Z., by and through their parent and next friend, Jessica Zeigler, and C.S., by and through their parent and next friend, Tarasha Shirley, hereby appeal this Court's Order (Doc. 54), entered on October 15, 2021, denying Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction, to the United States Court of Appeals for the Eleventh Circuit.

Dated: November 10, 2021.

Respectfully submitted,

**SOUTHERN POVERTY LAW CENTER**

/s/ *Michael J. Tafelski*
Michael J. Tafelski
Ga. Bar No. 507007
Eugene Choi
Ga. Bar No. 121626
Claire Sherburne
Ga. Bar No. 732244
Brock Boone (admitted *pro hac vice*)
Ala. Bar No. 2864-L11E
P.O. Box 1287
Decatur, GA 30031-1287
(334) 956-8273
michael.tafelski@splcenter.org
eugene.choi@splcenter.org
claire.sherburne@splcenter.org
brock.boone@splcenter.org

2

**LAW OFFICE OF ALLISON B. VROLIJK**

/s/ *Allison B. Vrolijk*
Allison B. Vrolijk
Ga. Bar No. 299360
885 Woodstock Road, Suite 430-318
Roswell, GA 30075
(770) 587-9228
allison@vrolijklaw.com

**GOODMARK LAW FIRM**

/s/ *Craig Goodmark*
Craig Goodmark
Ga. Bar No. 301428
1425 Dutch Valley Place, Suite A
Atlanta, GA 30324
(404) 719-4848
cgoodmark@gmail.com

**ATTORNEYS FOR PLAINTIFFS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this 10th day of November, 2021, filed the within and foregoing PLAINTIFFS' NOTICE OF APPEAL upon all parties of record to this matter by CM/ECF system, which will serve via e-mail notice of such filing to the following counsel registered as CM/ECF users:

Sherry H. Culves
Ralph Culpepper III
Jeffrey R. Daniel
NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station / 201 17th Street, NW / Suite 1700
Atlanta, GA 30363
sherry.culves@nelsonmullins.com
ralph.culpepper@nelsonmullins.com
jeff.daniel@nelsonmullins.com

Respectfully submitted,

/s/ Michael J. Tafelski
Michael J. Tafelski
Ga. Bar No. 507007
Attorney for Plaintiffs