# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| L.E., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CHRIS RAGSDALE, et al.,<br><br>Defendants. | Civil Action No. 1:21-cv-04076-TCB |

## COBB COUNTY SCHOOL DISTRICT'S EMERGENCY MOTION TO STAY ALL PROCEEDINGS AND DEADLINES PENDING APPEAL

COMES NOW Cobb County School District ("CCSD" or "District") and all Defendants,[1] by and through counsel and file their Motion to Stay all Proceedings and Deadlines, stating as follows:

## I.    INTRODUCTION

Defendants seek entry of a stay of the instant proceedings and all deadlines pending the outcome of Plaintiffs' interlocutory appeal of this Court's

---

[1] In addition to CCSD, Plaintiffs have sued Superintendent Chris Ragsdale and all members of the Cobb County Board of Education in their official capacities. Claims against government officials in their official capacities are in reality claims against the government entity they serve. *City of Atlanta v. Mitcham*, 296 Ga. 576, 583 (2015); *Everson v. DeKalb Cnty. Sch. Dist.*, 344 Ga. App. 665, 666 (2018).

October 15, 2021, Order denying their motion for preliminary injunction/TRO.[2] Defendants request a full stay of the case and all deadlines but most immediately, Defendants seek a stay on the upcoming December 6, 2021 deadline to file their answer or motion to dismiss.

The rationale for such a stay is both practical and supported by the law. The appellate decision will inform the parties as to the next steps and, although a reversal is unlikely,[3] there is a risk of wasted effort and judicial labor deepening on the outcome. Indeed, the sole issue on appeal is the same issue at the center of the district court proceedings. At bottom, Plaintiffs seek a ruling that the CCSD's COVID-19 protocols violate the ADA and Section 504 and an order mandating CCSD to fully comply with all CDC guidelines, including requiring masks in its schools. [Doc. 1;

---

[2] *L.E. v. Ragsdale*, No. 1:21-cv-4076-TCB, 2021 WL 4841056, at *3 (N.D. Ga. Oct. 15, 2021) ("While Plaintiffs may prefer a mask mandate and other stricter policies, Defendants are not required to provide Plaintiffs with their preferred accommodation. So long as Plaintiffs are offered meaningful access to education— and the Court finds that they have been—Defendants have adequately accommodated Plaintiffs and their disabilities and thus, Plaintiffs cannot show a substantial likelihood of success on the merits.")

[3] *Mitsubishi Int'l Corp. v. Cardinal Textile Sales, Inc.*, 14 F.3d 1507, 1517 (11th Cir. 1994) ("We review a district court's denial of a preliminary injunction under an abuse of discretion standard.")

Doc. 7.]   Meanwhile, there is no actual prejudice to either party by simply waiting for the Court of Appeals to consider the interlocutory issue.  This rings even more true given that this Court already conducted a preliminary injunction hearing and found that Plaintiffs did not present a substantial likelihood of success on the merits. By rushing to appeal, Plaintiffs have tied this Court's hands and essentially halted the Court's ability to move forward because it no longer maintains jurisdiction while the ultimate issue of the CCSD's COVID-19 protocols is on appeal.

## II.    ARGUMENT AND CITATION TO AUTHORITY

**A.    The Court should stay all proceedings and deadlines pending a ruling on appeal because this court is now divested of jurisdiction.**

CCSD respectfully asks this Court to stay all proceedings and deadlines because it no longer retains jurisdiction. "As a general rule, the filing of a notice of appeal divests the district court of jurisdiction over those aspects of the case that are the subject of the appeal." *See Griggs v. Provident Consumer Disc. Co*., 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982); *Weaver v. Fla. Power & Light Co*., 172 F.3d 771, 773 (11th Cir.1999). However, it may not divest the district court of jurisdiction over collateral matters not affecting the questions presented on appeal. *See Weaver*, 172 F.3d at 773.

Here, Plaintiffs have appealed this Court's decision denying preliminary injunction whereby Plaintiffs sought an injunction forcing CCSD to "develop and implement policies, practices, procedures, and protocols for a multilayered COVID-19 mitigation strategy that follows CDC guidelines…" [Doc. 2 at 7.] Plaintiffs' Complaint seeks the same relief verbatim and asks the court to "[o]rder Defendants to develop and implement policies, practices, procedures, and protocols for a multilayered COVID-19 mitigation strategy that follows CDC guidelines…" [Doc. 1 at 45.] Because the crux of the preliminary injunction motion and the Complaint both target the same issues related to disparate treatment and failure to accommodate that are subject to appeal, Plaintiffs' notice of appeal divested this Court of jurisdiction over all aspects of the case as of November 10, 2021. [Doc. 55.] Any movement in the district court proceeding would affect the proceeding in the Eleventh Circuit and vice versa. This Court's granting of a motion to dismiss, for example, would dissolve the issue at the heart of the appeal and certainly affect the Court of Appeals proceeding. This would cause a conflict that this very rule is intended to avoid. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982); *Doe v. Bush*, 261 F.3d 1037, 1064

(11th Cir.2001); *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003) ("…the filing of a notice of appeal deprives the district court of jurisdiction over all issues involved in the appeal."); *Weaver v. Fla. Power & Light Co.*, 172 F.3d 771, 773 (11th Cir. 1999); *Kusay v. United States*, 62 F.3d 192, 193 (7th Cir. 1995) ("[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). The issues underlying Plaintiffs' discrimination claims and sought injunctive relief are all before the Court of Appeals. Therefore, all proceedings must be stayed until the resolution of the appeal.

**B.    The Court should stay all proceedings and deadlines pending a ruling on appeal in the interest of judicial economy.**

Lack of jurisdiction is both a necessary and sufficient reason to grant Defendants' stay request. However, aside from the jurisdictional conundrum Plaintiffs have created, the Court should grant the stay because it promotes judicial economy. To be sure, district courts maintain "broad discretion to stay proceedings as an incident to its power to control its own docket." *Robinson v.*

*Nationstar Mortg., LLC*, 220 F. Supp. 3d 1353, 1354–55 (S.D. Ga. 2016) (quoting *Clinton v. Jones*, 520 U.S. 681 (1997)). In doing so, "the district court must consider its own interests in an orderly disposition of its caseload, and the parties' competing interests in the two actions." *Markel Int'l Ins. Co. v. O'Quinn*, 566 F.Supp.2d 1374, 1376 (S.D. Ga. 2008). However, a stay may be warranted where a pending decision in another court would "have a substantial or controlling effect on the claims and issues in the stayed case." *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009).

Here, there is no need to continue with this case while an appeal is pending. Staying the case would serve "*judicial economy* ... [by] spar[ing] the trial court from passing on questions that may well be rendered moot by the decision of the Court of Appeals," but it also serves the interest of "*fairness* to parties who might otherwise be forced…to fight a 'two front war' for no good reason." *Shewchun v. United States of America*, 797 F.2d 947, 973 (11th Cir. 1986).

### III.   <u>CONCLUSION</u>

As was the case in October 2021, Plaintiffs' request for this Court to intervene on questions of local policy is unwarranted and unsupported by law. While this Court has made no error and has not abused its discretion, Plaintiffs have inevitably forced

this Court to stay all proceedings and deadlines by elevating the ultimate issue in the case to the Court of Appeals. As such, Defendants respectfully asks this Court to stay all proceedings and all deadlines pending a ruling from the Eleventh Circuit.

Respectfully submitted this the 30th of November, 2021.

*/s/ Sherry H. Culves*
Sherry H. Culves
Georgia Bar No. 319306
Jeffrey R. Daniel
GA Bar No. 949075
Ralph Culpepper III
Georgia Bar No. 953215
*Attorneys for Defendants*

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station / 201 17th Street, NW / Suite 1700
Atlanta, GA  30363
Telephone:  (404) 322-6000
Facsimile:  (404) 322-6050
sherry.culves@nelsonmullins.com
jeff.daniel@nelsonmullins.com
ralph.culpepper@nelsonmullins.com

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| L.E., et al., | |
| Plaintiffs, | |
| v. | Civil Action No. 1:21-cv-04076-TCB |
| CHRIS RAGSDALE, et al., | |
| Defendants. | |

## CERTIFICATE OF GOOD FAITH CONFERENCE

For the benefit of the Court and out of an abundance of caution, the undersigned counsel of record for Defendant hereby submits this statement certifying that we conferred with counsel, in good faith, prior to filing CCSD's Motion to Stay all Proceedings and Deadlines Pending Resolution of Plaintiffs' Appeal, stating as follows:

1.     On October 15, 2021, the Court entered an order (the "Order") which denied Plaintiffs' Motion for Preliminary Injunction/TRO. [Doc. 53.]

2.     On November 10, 2021, Plaintiff's counsel filed their Notice of Appeal, indicating their intention to appeal the Order in the Eleventh Circuit Court of Appeals. [Doc. 55.]

3.      On Monday, November 22, 2021, counsel for Defendants contacted Plaintiffs' counsel by electronic mail and proposed that all parties jointly seek a stay of the trial court proceeding and deadlines pending the resolution of Plaintiffs' appeal.

4.      Defendants' counsel requested that Plaintiffs' counsel contact her at their earliest opportunity, indicating whether they could consent to such a stay.

5.      Defendants' counsel explained to all counsel that a stay would be of benefit to all parties by avoiding significant and unneeded use of resources until the Court of Appeals can issue a decision.

6.      On Monday November 29, 2021, Plaintiffs' counsel informed Defendants' counsel that the Plaintiffs do not wish to stay the proceedings.

Respectfully submitted this the 30th of November, 2021.

*/s/ Sherry H. Culves*  
Sherry H. Culves  
Georgia Bar No. 319306  
Jeffrey R. Daniel  
GA Bar No. 949075  
Ralph Culpepper III  
Georgia Bar No. 953215  
*Attorneys for Defendants*

- 12 -

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station / 201 17th Street, NW / Suite 1700
Atlanta, GA  30363
Telephone:  (404) 322-6000
Facsimile:  (404) 322-6050
sherry.culves@nelsonmullins.com
jeff.daniel@nelsonmullins.com
ralph.culpepper@nelsonmullins.com

## **<u>CERTIFICATE OF COMPLIANCE</u>**

I hereby certify that the foregoing was prepared using Times New Roman font, 14-point type, which is one of the font and print selections approved by the Court in L.R. 5.1(C).

Respectfully submitted this the 30th of November, 2021.

*/s/ Sherry H. Culves*
Sherry H. Culves
Georgia Bar No. 319306
Jeffrey R. Daniel
GA Bar No. 949075
Ralph Culpepper III
Georgia Bar No. 953215
*Attorneys for Defendants*

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station / 201 17th Street, NW / Suite 1700
Atlanta, GA  30363
Telephone:  (404) 322-6000
Facsimile:   (404) 322-6050
sherry.culves@nelsonmullins.com
jeff.daniel@nelsonmullins.com
ralph.culpepper@nelsonmullins.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day filed the within and foregoing ***Cobb County School District's Emergency Motion to Stay All Proceedings and Deadlines Pending Appeal*** upon all parties of record to this matter by CM/ECF system, which will serve via e-mail notice of such filing to any of the following counsel registered as CM/ECF users:

Michael J. Tafelski, Esq.
Eugene Choi, Esq.
Claire Sherburne, Esq.
Brock Boone (*pro hac vice* forthcoming)
Southern Poverty Law Center
P.O. Box 1287
Decatur, GA 30031-1287
michael.tafelski@splcenter.org
eugene.choi@splcenter.org
claire.sherburne@splcenter.org
brock.boone@splcenter.org

Allison B. Vrolijk, Esq.
Law Office of Allison B. Vrolijk
885 Woodstock Road,
Suite 430-318
Roswell, GA 30075
allison@vrolijklaw.com

Craig Goodmark, Esq.
Goodmark Law Firm
1425 Dutch Valley Place, Suite A
Atlanta, GA 30324
cgoodmark@gmail.com

Respectfully submitted this the 30th of November, 2021.

*/s/ Sherry H. Culves*
Sherry H. Culves
Georgia Bar No. 319306
*Attorneys for Defendants*

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station / 201 17th Street, NW / Suite 1700
Atlanta, GA  30363
Telephone:  (404) 322-6000
Facsimile:  (404) 322-6050
sherry.culves@nelsonmullins.com